# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07-cr-88

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WILLIAM HOWARD ONEIL, JR., | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and was heard before the undersigned, pursuant to a letter sent by the defendant to United States District Court Judge Lacy Thornburg and which was received by Judge Thornburg on January 3, 2008. In the letter, the defendant requests another attorney be appointed to represent him in substitution of his present counsel, Fredilyn Sison. At the call of this matter on for hearing it appeared the defendant was present, Ms. Sison was present and the Government was present and represented by Assistant United States Attorney Corey Ellis. Prior to the commencement of the hearing, Ms. Sison requested the hearing be sealed and Mr. Ellis be excluded. It was the contention of Ms. Sison that during the hearing of the defendant's motion confidential communications between herself and the defendant might be disclosed. Mr. Ellis advised the court it was the Government's position that the Government had a right to be present. The court then directed Mr. Ellis to leave the courtroom and held a sealed proceeding in regard to this matter. The undersigned advised Mr. Ellis that after hearing from the defendant

and Ms. Sison the court would summarize any non-confidential communications to Mr. Ellis and would then hear arguments from Mr. Ellis in regard to the motion of the defendant.

**Findings**. In the defendant's letter, the defendant presents the following information he contends entitles him to the appointment of another attorney in this matter in substitution for Ms. Sison.

1. The plea agreement the defendant entered into between himself and the Government was dated by Ms. Sison Friday, December 21st when the plea agreement was actually signed on Saturday, December 22nd;

2. Ms. Sison told the defendant she had been to the place of employment of the defendant in Winston Salem, NC and had talked to the personnel director of the defendant's employer and this statement was false;

3. Ms. Sison had told the defendant she had talked to the defendant's mother and this statement was untrue.

4. The defendant also contends now, although it is not stated in the letter, that the method of jury selection in the Western District of North Carolina intentionally excludes certain jurors because of race.

During the hearing, the defendant told the court he was not guilty of the offense with which he is charged and to which he had pled guilty on December 27, 2007. The

undersigned placed the defendant under oath and questioned the defendant as to whether or not he recalled the undersigned, in conducting the Rule 11 inquiry on December 27, 2007 concerning the plea agreement, had asked the defendant the question: "Are you in fact guilty of the count in the bill of indictment to which you have come to court today to plead guilty? That is, did you commit the acts described in Count One of the bill of indictment?" The defendant responded he remembered the question. The undersigned then asked the defendant if he recalled he had stated to the undersigned that the answer to the question was "Yes." The defendant stated he recalled his answer was "Yes", but he further said the answer was false and was untrue.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Ms. Sison to represent him further; and (3) Whether

or not there is such a conflict between the defendant and Ms. Sison that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

It is the opinion of the undersigned the defendant's letter is timely. The defendant was indicted on October 1, 2007 and a plea of guilty was entered on December 27, 2007. Due to the sworn testimony which took place at the hearing of the defendant's motion, it would appear a motion to withdraw the plea of guilty will be filed by the defendant. If the motion is allowed this matter will be scheduled for trial in the near future. This factor must be weighed in favor of granting the motion.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. After hearing from both the defendant and Ms. Sison in the sealed hearing, the undersigned finds that the reasons for the conflict as presented by the defendant and listed as reasons 1, 2 and 3 of his letter do not exist. The contention of the defendant at the hearing that the method of jury selection in the Western District of North Carolina intentionally excludes jurors because of race is without any basis in fact whatsoever. This factor must be weighed against allowing the motion of the defendant.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Ms. Sison that there is a total lack of

communication between them preventing an adequate defense. It appears this factor does exist. Based upon the sworn testimony of the defendant at the hearing, the undersigned is of the opinion that the defendant now desires to withdraw his plea of guilty. The defendant has advised the court his sworn statements at the Rule 11 proceeding on December 27, 2007 as set forth above were false. The accusations of the defendant against Ms. Sison as set forth in subparagraphs 1, 2 and 3 of his letter have no basis in fact whatsoever. Reason number one was explained by Ms. Sison and is of no consequence. As to reason number two, Ms. Sison traveled from Asheville, NC to the place of employment of the defendant. Ms. Sison talked to the personnel director of the defendant's employer. Ms. Sison performed an investigation over and above the standard for the adequate representation of a criminal defendant. Lastly, in regard to reason number three, Ms. Sison did talk to the defendant's mother on multiple occasions. The accusations of the defendant against Ms. Sison are baseless. It would now be unreasonable to expect Ms. Sison to continue to represent the defendant in this matter.

After considering all the factors, it is the opinion of the undersigned that Ms. Sison should be relieved from any obligation to represent the defendant further in this matter. There appears to be such a lack of communication between the defendant and Ms. Sison that would prevent an adequate defense. The cause of this lack of

communication rests on the defendant and not upon Ms. Sison.  Based upon the foregoing, the undersigned has determined to enter an order allowing the request of the defendant for the substitution of another attorney to represent him in this matter.  Ms. Sison will be relieved from any obligation to further represent the defendant in this case.  The court thanks Ms. Sison for her diligent and hard work in representing this defendant.  The court would appreciate Ms. Sison providing to the defendant's substitute counsel, when he or she is appointed, with all discovery documents now in her possession.

## ORDER

IT IS, THEREFORE, **ORDERED:**

1. Based upon the motion of the defendant as contained in his letter received on January 3, 2008,  Fredilyn Sison, the attorney previously appointed to represented the defendant is hereby **RELIEVED** from any obligation whatsoever to represent the defendant further in this matter.

2. The Federal Defender's Office is now **ORDERED** to appoint substitute counsel to represent the defendant in this case.

3. Ms. Sison is **ORDERED** and directed to deliver to the new attorney for the defendant, when he or she is appointed,  copies of all discovery Ms. Sison has received in this case and such other documents as she may find would assist the

defendant's new attorney in this matter.

4.	It is **ORDERED** a hearing is hereby set for Tuesday the 22nd day of January, 2008 at 9:45 am as to the issue of counsel for the defendant and to further address the issue of whether or not the defendant desires to withdraw his plea of guilty in this matter which was entered on December 27, 2007 and to schedule further proceedings as may be necessary.

Signed: January 16, 2008

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge