# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr88

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| WILLIAM HOWARD ONEIL, JR. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon court's own Motion to Strike the Plea and upon which a hearing was conducted on January 22, 2008. Rule 11(d), Federal Rules of Criminal Procedure, provides, as follows:

> **d)** **Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:
> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
> (A) the court rejects a plea agreement under Rule 11(c)(5); or
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed.R.Crim.P. 11(d).

After accepting defendant's plea of guilty on December 27, 2007, defendant filed a *pro se* request with the court indicating that he was not satisfied with previous counsel appointed by the court. During the closed portion of the hearing on such

request, defendant stated to the court, under oath, that he was not guilty of the offense as to which he had earlier entered a plea of guilty and which the court had earlier accepted. After defendant was appointed new counsel, the court again inquired of defendant through counsel whether defendant wished now to withdraw his plea. Counsel stated that he did not know at this time whether his client wished to withdraw his plea.

With trial scheduled for March 2008 and defendant having stated to the court under oath that he is not guilty, the court must exercise its discretion and strike the plea. "A district court necessarily possesses broad discretion in deciding to accept or reject a guilty plea." United States v. Bettelyoun, 503 F.2d 1333, 1336 (8th Cir.1974). Under the prior Rule 32(d), which is now found in Rule 11, *supra*, the Court of Appeals for the Fourth Circuit held that "[a] guilty plea may be withdrawn before sentencing for any "fair and just" reason, and the district court's decision to allow or refuse a withdrawal is reviewed for abuse of discretion." United States v. Frieson, 934 F.2d 320 (table case), 1991 WL 93058, 2 (4th Cir. 1991)(quoting United States v. Haley, 784 F.2d 1218 (4th Cir.1986)).

For the limited purpose of the Rule 11 inquiry, the court must accept plaintiff's latest averment as true, and finds that the previously tendered and accepted plea agreement was based upon defendant's false statements, which were made to the

court under oath, and which were material to the court's acceptance of such plea. Determining that it would be both fair and just to strike the Plea Agreement and allow defendant his day in court, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the court's own Motion to Strike Plea is **ALLOWED,** and the Plea Agreement filed December 26, 2007, in the above captioned matter is **STRICKEN**, and the court's Order of Acceptance of such plea, filed December 27, 2007, is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that this matter is set on for trial during the term beginning March 3, 2008. The court finds that the delay in trial of this matter is attributable to consideration, acceptance, and withdrawal of a plea, and that failure to grant a continuance from the January 7, 2008, term to the March 3, 2008, term would likely result in a miscarriage of justice, 18 U.S.C. § 3161(h)(8)(B)(i), and that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and as such is excludable.

Signed: January 23, 2008

_____
Dennis L. Howell
United States Magistrate Judge