IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:07CR88

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| WILLIAM HOWARD ONEIL, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's notice of appeal from an order entered by the Magistrate Judge rescinding the Court's acceptance of Defendant's guilty plea. **Order, filed January 24, 2008, at 3.** For the reasons stated below, the challenged order is vacated.

## I. PROCEDURAL HISTORY

Based on events that occurred in July 2007, Defendant was indicted with bank robbery, in violation of 18 U.S.C. § 2113(a), and a related assault, in violation of 18 U.S.C. § 2113(d). **Indictment, filed October 1, 2007.** Defendant received court-appointed counsel to assist him in his defense.

On December 26, 2007, a plea agreement was filed, which was signed by Defendant, his counsel, and counsel for the Government. **Plea Agreement, filed December 26, 2007, at 8.** The agreement provided that Defendant would plead guilty to the robbery charge in exchange for the Government's dismissal of the assault charge. *Id.* ¶¶ 1, 2.

On December 27, 2007, the Magistrate Judge conducted a plea hearing, during which the following colloquy occurred:

> THE COURT: Are you, in fact, guilty of the count in the bill of indictment to which you have come to court today to plead guilty? That is, did you commit the acts described in Count One of the bill of indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is your plea of guilty voluntary and not the result of coercion, threats or promises, other than those contained in the written plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: Mr. O'Neil, do you understand and agree with the terms of the plea agreement as they've been explained to you by Mr. Gast [the Assistant United States Attorney]?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: Are you entirely satisfied with the assistance of your attorney?

      THE DEFENDANT: Yes.

**Transcript of Proceedings in Rule 11 Hearing on December 27, 2007, filed February 29, 2008, at 13, 15, 16.** Following his detailed but otherwise unremarkable Rule 11 colloquy, the Magistrate Judge entered a written order accepting Defendant's guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed December 27, 2007, at 9.**

Several days after the entry and acceptance of the guilty plea, the undersigned received a *pro se*, handwritten letter from Defendant, in which Defendant requested a new lawyer. Upon receiving the letter, the undersigned referred the matter to the Magistrate Judge for a hearing. **Transcript of Unsealed Proceedings in Status of Counsel Hearing on January 9, 2008, filed February 3, 2008, at 2; Order, filed January 18, 2008, at 1.**

Thereafter, the Magistrate Judge convened a status of counsel hearing on January 9, 2008. Out of a concern for the preservation of attorney-client confidentiality, most of the proceedings took place under seal, outside the presence of the Assistant United States Attorney. *Id.* at 3. During the course of the sealed proceedings, Defendant stated to the Court that he felt his attorney had misled him, that he had never wanted to

plead guilty, and that he had falsely attested to his own guilt under oath during the Rule 11 inquiry.  **Transcript of Sealed Proceedings in Status of Counsel Hearing on January 9, 2008, filed February 3, 2008, at 3, 5, 9.**  He stated that his principal reason for originally pleading guilty was his belief that he would not receive a fair trial because the Court would intentionally exclude non-Caucasian citizens from the jury.  *Id.* **at 9-10.**

Defense counsel, in her turn, stated that she and Defendant had spent several hours discussing the pros and cons of pleading guilty, and that Defendant had ultimately made his own decision regarding his acceptance of the plea agreement.  *Id.* **at 15, 19.**  Nonetheless, she indicated that she supported Defendant's motion for new counsel.  *Id.* **at 20.**

At this point the Magistrate Judge unsealed the proceedings and stated that he would grant Defendant's motion for new counsel.  He also stated:

> I'm going to make the record clear that [my ruling] is not due to anything that Ms. Sison [Defendant's first attorney] did in this case.  I think she has done all and more than any attorney would be expected to do in regard to the representation of this defendant.  Indeed, in my opinion, things that I have heard that I do consider confidential, she's gone over and above what any lawyer would do to act to represent a client.  She's gone way beyond.

**Transcript of Unsealed Proceedings of January 9, 2008**, *supra*, at 6.

The Magistrate Judge later entered a written order for substitution of counsel in Defendant's case. **Order of January 18, 2008**, *supra*, at 6.

A status conference took place, again before the Magistrate Judge, on January 22, 2008. In the course of this conference, the Magistrate Judge inquired as to "the position of Mr. O'Neil and his new attorney . . . in regard to the plea that was entered." **Transcript of Proceedings in Status Conference on January 22, 2008, at 2.** Defendant's new attorney responded:

> What I would tell the Court at this point is I think that Mr. O'Neil has expressed to me some interest in filing [a motion to withdraw his guilty plea]. However, I think before he does that, he needs to have an opportunity for his lawyer to really sit down and think through all the potential legal consequences that may flow from that.

*Id.* at 3. Similarly, counsel for the Government stated:

> It appears to the government also that a little bit of time in order for the parties to confer would be in order. Mr. Banzhoff [defense counsel], obviously, needs to confer with his client and, thereafter with the attorneys for the government. So I'm not asking the Court for anything other than to perhaps put this on in a reasonable interval of time in order for . . . Mr. Banzhoff to determine if there will be such a motion and, thereafter, for the government to determine if there will be, you know, additional charges, depending on how things shake out.

*Id.* **at 4-5.** In response to these requests for additional time, the Court stated:

> All right. This is what I'm going to do. I'm going to rescind my acceptance of his plea of guilty based upon what he told me . . . . That would place him right back where he was, in the situation that he was in, before he entered that plea. . . . I can't accept the plea when a man's told me that he didn't commit the offense and that he gave me a false statement during the taking of the plea.

*Id.* **at 5.** The Court also issued a written order to this effect, which stated:

> For the limited purpose of the Rule 11 inquiry, the court must accept [Defendant's] latest averment as true, and finds that the previously tendered and accepted plea agreement was based upon defendant's false statements, which were made to the court under oath, and which were material to the court's acceptance of such plea.

**Order of January 24, 2008,** *supra*, **at 2-3.**

## II.  DISCUSSION

The circumstances in which a defendant may withdraw his or her guilty plea are well-known. **United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (setting forth six factors to be considered in determining whether a defendant has shown a "fair and just reason" to withdraw his guilty plea).** It is also well-settled, however, that "[o]nce the *court* has accepted a plea agreement . . . it is, as a general rule, bound

by the terms of that agreement." **United States v. Ritsema, 89 F.3d 392, 399 (7th Cir. 1996) (emphasis added) (citing authority from the First, Second, Sixth, Eighth, Ninth, Eleventh, and D.C. Circuits);** *see also* **United States v. Lee, 151 F.3d 1031, 1998 WL 390172, at \*1 (4th Cir. 1998) (citing Ritsema for this proposition).** Under Federal Rule of Criminal Procedure 11, "[t]he court's role is limited to the approval or rejection of an agreement once finalized, and its options in that regard are few. The court may reject the agreement immediately, it may accept it immediately . . ., or it may defer decision . . . ." **Id. at 398-99 (footnote omitted).** In short, "[t]here is no provision in the rules allowing a court to reject or modify an agreement once accepted." **Id. at 399.**

A limited exception to the dictate of Rule 11 has been recognized in some jurisdictions. Specifically, "[s]everal courts have recognized the possibility that approval of a plea agreement might later be rescinded based on the defendant's fraud upon the court." **Id. at 400;** *see also* **United States v. Skidmore, 998 F.2d 372, 375 n.1 (6th Cir. 1993) ("A court may bypass the limits of Rule 11 only in cases involving the commission of a fraud upon the court."); United States v. Olesen, 920 F.2d 538, 541 (8th Cir. 1990) (noting the fraud exception and explaining**

that factual mistakes do not count as fraud); *United States v. Blackwell*, 694 F.2d 1325, 1338-39 (D.C. Cir. 1982) ("[W]e know of no authority for the judge, short of evidence of fraud, to change her mind as to the wisdom of the bargain and refuse to enforce it."). "The fraud exception is grounded in the court's inherent supervisory powers, which enable the court to preserve the integrity of the judicial process." *United States v. Partida-Parra*, 859 F.2d 629, 632 (9th Cir. 1988). "Presumably, it is aimed at penalizing deceitful behavior engaged in during the negotiating of the plea agreement, in its presentation to the court, or in its execution by the defendant." *Blackwell*, 694 F.2d at 1338 n.18.

The fraud exception has been applied in only the most limited circumstances. *Compare Blackwell*, 694 F.2d at 1338 (declining to apply fraud exception when defendant pled guilty, but later testified in favor of co-defendant, even though the Court acknowledged that if the trial court had known of defendant's planned testimony, it would not have accepted her guilty plea) *with Hamlin v. Barrett*, 335 So. 2d 898, 900 (Miss. 1976) (stating that the trial court "had the power to rectify the error" in a plea agreement, after it learned that the defendant had concealed an earlier felony conviction from the

**prosecutor and the court in order to fake his eligibility for probation).**
Furthermore, it is notable that the Fourth Circuit has never specifically endorsed the fraud exception at all, although it has mentioned its existence in an unpublished opinion. ***See Lee, supra* ("Though some courts have recognized that approval of a plea agreement might later be rescinded based on the defendant's fraud upon the court, . . . we have no such allegation in this case.").**

After examining the circumstances here, the undersigned concludes that the Court is bound by the general rule in *Ritsema*, and that the fraud exception should not apply here. There is no evidence that Defendant intended to perpetrate a "fraud" on the Court by admitting under oath (falsely, as he now claims) that he committed the bank robbery. Rather, transcripts of his hearings indicate that Defendant simply chose to plead guilty for strategic reasons and because he had an inherent distrust of the judicial system. Apparently, however, he later decided that claiming innocence would be a better tactic. This sort of jockeying is exactly the type of harm that Rule 11's strictures are designed to prevent. ***United States v. Hughes*, 401 F.3d 540, 555 (4th Cir. 2005) (discussing "'the particular importance of the finality of guilty pleas, which usually rest,**

**after all, on a defendant's profession of guilt in open court, and are indispensable in the operation of the modern criminal justice system'" (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82-83 (2004));** see also *Olesen*, **920 F.2d at 541 (courts have no power "'to abrogate a plea agreement to relieve one party of its own mistake'" (quoting *Partida-Parra*, 859 F.2d at 633)).** Accordingly, the Court concludes that, in the absence of any motion for withdrawal from Defendant himself, the Magistrate Judge exceeded the scope of the Court's power by rescinding acceptance of Defendant's guilty plea nearly a month after it had been accepted. ***Cf. United States v. Santiago Soto*, 825 F.2d 616, 620 (1st Cir. 1987) (approving rejection of guilty plea even though trial court had earlier accepted it, because everything occurred during the same proceeding).** The challenged order of January 24, 2008, must therefore be vacated.

In so holding, the Court is mindful of the Seventh Circuit's caution that "any finding of an adequate factual basis [for a guilty plea] at the initial plea hearing is necessarily preliminary." *Howard v. United States*, 135 F.3d 506, 509 (7th Cir. 1998); see also *United States v. Ventura-Cruel*, 356 F.3d 55, 60 (1st Cir. 2003) (holding that "the factual predicate for

**the guilty plea must exist not only at the time that the court initially accepts the plea, but also when it imposes sentence.").** Therefore, as always, the Court will not enter a final judgment and sentence for this or any other defendant, unless the factual basis for the guilty plea is firmly established.

The Court also notes that this order should not be construed to prejudice Defendant's right to move for withdrawal of his guilty plea should he choose to do so.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Order of January 24, 2008, rescinding the Court's acceptance of Defendant's guilty plea, is hereby **VACATED**, and the Order of December 27, 2007, accepting the Defendant's plea is hereby **REINSTATED**.

**IT IS FURTHER ORDERED** that this matter is hereby scheduled for hearing before the undersigned on **WEDNESDAY, MARCH 26, 2008, AT 11:00 AM, in COURTROOM 2, in ASHEVILLE, NORTH CAROLINA,** for a status conference and to consider any motions in the cause that may be filed in the interim by the Government or Defendant.

12

Signed: March 11, 2008

Lacy H. Thornburg
United States District Judge