# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:07CR88

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| WILLIAM HOWARD ONEIL, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motions to withdraw his guilty plea of December 27, 2007, and for a *de novo* review by this Court of the Rule 11 hearing at which that guilty plea was entered. **Defendant's Motion to Withdraw Plea of Guilty, filed March 25, 2008; Defendant's Motion for Review of Rule 11 Proceedings, filed March 25, 2008.** The Government opposes the Defendant's motion to withdraw his guilty plea but has no objection to this Court's review of the Rule 11 hearing. **Response to Defendant's Motion to Withdraw Plea of Guilty, filed March 25, 2008.**

## I.  FACTUAL AND PROCEDURAL HISTORY

A detailed account of the factual and procedural history of this case has been set forth in a prior Order of this Court.  **Order, filed March 11, 2008, at 1-6.**  To sum up briefly, Defendant was indicted with bank robbery in October 2007.  **Indictment, filed October 1, 2007.**  He entered into a plea agreement with the Government wherein he agreed to plead guilty to Count One of the indictment in exchange for the Government's dismissal of Count Two.  **Plea Agreement, filed December 26, 2007, at 1.**  His guilty plea was accepted during a Rule 11 hearing before the Magistrate Judge.  **Rule 11 Inquiry and Order of Acceptance of Guilty Plea, filed December 27, 2007.**

About two weeks later, the Magistrate Judge convened a status of counsel hearing after receiving a *pro se* letter from the Defendant in which he complained about his court-appointed attorney.  At that hearing, Defendant stated that he had not, in fact, committed the bank robbery to which he had earlier pled guilty.  **Transcript of Sealed Proceedings in Status of Counsel Hearing on January 9, 2008, filed February 3, 2008, at 3, 5, 9.**  The Magistrate Judge appointed a new attorney to represent Defendant and rescinded his previous acceptance of Defendant's guilty

plea.  **Order, filed January 24, 2008 (rescinding acceptance of guilty plea); Order, filed January 18, 2008 (ordering substitution of counsel).**

The Government appealed the Magistrate Judge's order rescinding acceptance of the guilty plea.  This Court vacated that order and reinstated the guilty plea.  **Order of March 11, 2008, *supra*, at 11.**  Defendant then filed the instant motions, requesting permission to withdraw his plea and asking the Court to review the December 27, 2007, Rule 11 proceedings.  The Court conducted a hearing on these motions on March 26, 2008.

## II.  ANALYSIS

### A.     *De Novo* Review of Rule 11 Proceedings

Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea and also that the plea is knowing and voluntary.  **Godinez v. Moran, 509 U.S. 389, 400 (1993); United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999).**

> Rule 11 of the Federal Rules of Criminal Procedure was adopted to standardize the process for accepting guilty pleas in federal court.  This rule provides that the court must personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea.  Rule 11 has two principal purposes.  First, it "assist[s] the district judge in making the constitutionally required determination that a defendant's guilty plea is truly

voluntary."  Second, it "produce[s] a complete record at the time the plea is entered of the factors relevant to this voluntariness determination."

**Id. (internal citation omitted) (quoting McCarthy v. United States, 394 U.S. 459, 465 (1969)).**

Magistrate Judges are statutorily and constitutionally authorized to conduct Rule 11 proceedings.  **United States v. Osborne, 345 F.3d 281, 287-88 (4th Cir. 2003) ("The supervision of Rule 11 plea proceedings, while obviously requiring care and discretion to ensure that guilty pleas rest upon a firm factual basis, hardly dwells nigh the outlands of magistrature.").**  Defendants, however, may request the District Court to review a Magistrate Judge's Rule 11 inquiry *de novo*.  **Id. at 290.**  Defendant has made such a request here.   **Defendant's Motion for Review of Rule 11 Proceedings, *supra*.**  The Government does not oppose the request.

Rule 11 provides, in pertinent part:

> (b) **Considering and Accepting a Guilty or Nolo Contendere Plea.**
>
>> (1) **Advising and Questioning the Defendant.**  Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant

personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

>(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
>
>(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;
>
>(C) the right to a jury trial;
>
>(D) the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding;
>
>(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
>
>(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
>
>(G) the nature of each charge to which the defendant is pleading;
>
>(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

      (I) any mandatory minimum penalty;

      (J) any applicable forfeiture;

      (K) the court's authority to order restitution;

      (L) the court's obligation to impose a special assessment;

      (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

      (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

(2) **Ensuring That a Plea Is Voluntary.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).

(3) **Determining the Factual Basis for a Plea.** Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.

**Fed. R. Crim. P. 11(b);** *United States v. DeFusco*, **949 F.2d 114, 116 (4th**

**Cir. 1991) ("Prior to accepting a guilty plea, a trial court, through**

**colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights.").**

An examination of the plea colloquy in this case establishes that the Magistrate Judge first obtained Defendant's consent to the Magistrate Judge's jurisdiction, and then carefully questioned and advised Defendant, who was under oath, as to each step listed in Rule 11(b). **Transcript of Proceedings [of] Rule 11 Hearing of December 27, 2007, filed February 29, 2008.** The Magistrate Judge also went above and beyond the requirements of Rule 11, in an effort to ascertain whether Defendant was satisfied with his attorney and had a full understanding of all the relevant court procedures. In addition to participating in the thorough oral colloquy, Defendant also signed a written statement in which he vouched for his competence and that he knowingly and voluntarily entered his guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea,** *supra.*

Based on the thoroughness of the Magistrate Judge's inquiries, the undersigned is convinced that Defendant was competent to enter his guilty plea at the time of the hearing. Also, Defendant's responses to the

Magistrate Judge's questions and explanations leave no room for doubt that Defendant's plea was made with a full understanding of the possible consequences – hence, it was knowing. Finally, nothing in the colloquy hints that Defendant was speaking or acting against his will in any way – hence the plea was by all appearances voluntary. Thus, the three criteria described in *Godinez* and *Damon* – that Defendant was competent and that his plea was entered knowingly and voluntarily – are satisfied. **See Godinez, 509 U.S. at 400; Damon, 191 F.3d at 564.** The Court, therefore, concludes that there was no error in the Rule 11 proceedings.

## B. Withdrawal of Guilty Plea

### 1. Finality of Plea

Having determined that the Rule 11 proceedings were free of error, the Court must now examine whether to allow Defendant to withdraw his guilty plea.

In arguing for withdrawal, Defendant's first contention is that the Court has not finally accepted his guilty plea; therefore, he has an absolute right to withdraw it. In support of this argument, he relies upon *Osborne* for

the proposition that guilty pleas entered before a Magistrate Judge are merely provisional until they are approved by the District Court.

Defendant's argument is without merit. The Fourth Circuit held in *Osborne* that Magistrate Judges are indeed qualified to accept a defendant's guilty plea, and that a defendant is entitled to appeal that acceptance to the District Court, which in turn will conduct a *de novo* review. "[U]nless the defendant requests such review [of the Rule 11 proceedings] or objects to some aspect of the magistrate judge's plea colloquy, a district judge is not bound to conduct *de novo* review. That is, there is no entitlement to *de novo* review absent a request therefor." **Osborne, 345 F.3d at 290.** A defendant's right to request *de novo* review of the Court's acceptance of his original plea does not render that plea somehow lacking in finality. Indeed, *Osborne*'s holding suggests the opposite, since it would make no sense to treat a plea as provisional, when review takes place only upon request.

Other case law from the Fourth Circuit and the Supreme Court supports this interpretation of *Osborne*. **See, e.g., United States v. Hyde, 520 U.S. 670, 677 (1997) ("Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his**

**theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." (internal quotations and citations omitted));** *United States v. Breedlove*, **7 F. App'x 268, 269 (4th Cir. 2001) ("Given that [the defendant] consented to have the magistrate judge preside over his Rule 11 hearing and tendered his plea at that time, the magistrate judge's recommendation to accept his plea is binding.").** Furthermore, the plea colloquy in this case contained the following exchange:

> THE COURT: Is your mind clear and do you understand that you're here today to enter a guilty plea that cannot later be withdrawn?
>
> THE DEFENDANT: Yes, sir.

**Transcript of Rule 11 Proceedings,** *supra*, **at 7.** Thus, Defendant cannot claim he had no notice of the finality of his actions.

Accordingly, the undersigned concludes that the guilty plea entered by Defendant on December 27, 2007, before the Magistrate Judge is final. *See United States v. Bowman*, **348 F.3d 408, 414 (4th Cir. 2003) ("If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be**

**recognized to raise a strong presumption that the plea is final and binding.").**

### 2. Withdrawal of Final Plea

Defendant's motion to withdraw his plea must, therefore, be analyzed under the standard described in *United States v. Ubakanma*, which states that when requesting permission to withdraw a final guilty plea, "the defendant has the burden of showing a fair and just reason for withdrawal." **215 F.3d 421, 424 (4th Cir. 2000);** *see also* **Fed. R. Crim. P. 11(d)(2)(B) (allowing a defendant to withdraw a guilty plea if he "can show a fair and just reason for requesting the withdrawal").** A "fair and just" reason is one that "essentially challenges" the fairness of a proceeding under Rule 11. *United States v. Puckett*, **61 F.3d 1092, 1099 (4th Cir. 1995);** *see also Bowman, supra* **("The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted.")**.

In addition to the evaluation of the Rule 11 proceedings, a District Court may also consider other circumstantial factors that relate to whether the defendant has advanced a "fair and just reason" to withdraw his plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

***Ubakanma*, 215 F.3d at 424; *see also United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (listing same factors).** Although the third, fifth, and sixth factors should be considered by the District Court, the Fourth Circuit has recognized that the first, second, and fourth factors "speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing [his] plea[.]" *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). The remaining three factors "are better understood as countervailing considerations that establish how heavily the presumption [of finality of pleas entered in accordance with Rule 11] should weigh in any given case." *Id.*

In this case, Defendant does not argue that there were any problems with his Rule 11 proceedings, and the Court's independent review has revealed no such error. As to the other factors listed in *Moore* and *Ubakanma*, Defendant argues in his motion that the factual basis for his

plea was undermined by his subsequent statements under oath, in which he indicated that he did not actually commit the bank robbery to which he had previously pled guilty. This argument pertains most closely to the second *Moore* factor, namely, "whether the defendant has credibly asserted his legal innocence." **See Ubakanma, 215 F.3d at 424; Moore, 931 F.2d at 248.**

Defendant's assertion of his innocence is not credible in this case, as he has showed no compunction about making false statements to the Court. Rather, he has stated under oath in open court both that he committed the bank robbery and that he did not commit such a crime. In such circumstances, the undersigned does not believe that the second *Moore* factor is satisfied. **See United States v. Bazuaye, 991 F.2d 791 (table), 1993 WL 102576 (4th Cir. 1993), at *3 (explaining that a "bald allegation" of innocence, without more, is insufficient to satisfy the second *Moore* factor).**

During the March 26, 2008, hearing on Defendant's motions, Defendant stated that he would not have pled guilty but for the fact that his first attorney misled him. This argument pertains to the first *Moore* factor, namely, "whether the defendant has offered credible evidence that his plea

was not knowing or otherwise involuntary." **See Ubakanma, 215 F.3d at 424; Moore, 931 F.2d at 248.** The Fourth Circuit has addressed an identical argument. **United States v. Wells, 82 F.3d 411 (table) 1996 WL 174631, at *1 (4th Cir. 1996).** In *Wells,* the defendant, like Defendant here, pled guilty during Rule 11 proceedings and stated that he was satisfied with his attorney. Later, however, he submitted a handwritten letter to the Court requesting substitution of counsel. He then proceeded to request withdrawal of his guilty plea, arguing that he would not have pled guilty but for the fact that he mistrusted his attorney, and thus his plea was involuntary. "Wells' later argument – without any new evidentiary support – that he would not have pled guilty but for his attorney, contradicted by his solemn declaration [during Rule 11 proceedings] that he was 'entirely satisfied' with his attorney, is insufficient to show that his plea was not voluntary." ***Id.* at *5.** Likewise, here, Defendant's conflicting statements as to his satisfaction with his first attorney are insufficient to satisfy the first *Moore* factor.

As the Rule 11 proceedings were free of error and Defendant has failed to show that any of the *Moore* factors swing in his favor, the undersigned concludes that Defendant has not carried his burden of

showing that a "fair and just reason" exists for withdrawal of his guilty plea. The Court, therefore, concludes that such withdrawal should not be permitted.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to withdraw his guilty plea is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's motion for a *de novo* review of the Rule 11 proceedings is **GRANTED**, and having done so, the Court finds there was no error in the Rule 11 proceedings.

Signed: April 2, 2008

Lacy H. Thornburg
United States District Judge