# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:11cv53-3
### [Criminal Case No. 1:07cr88]

WILLIAM HOWARD O'NEIL, JR,    )
    )
              Petitioner,   )
        v.           )          ORDER
    )
UNITED STATED OF AMERICA,    )
    )
             Respondent.)

**THIS MATTER** is before the Court on initial review of the Petitioner's Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Motion [Doc. 1].[1]

## PROCEDURAL HISTORY

On October 1, 2007, the Petitioner was charged in a two-count Bill of Indictment with bank robbery in violation of 18 U.S.C. § 2113(a) (Count One), and assault in connection with the bank robbery in violation of 18 U.S.C. § 2113(d) (Count Two).  [Criminal Case No. 1:07cr88, Doc.1].  On December 26, 2007, a Plea Agreement was filed with the Court in which the Petitioner

---

[1]The Petitioner's criminal case was before the Hon. Lacy H. Thornburg who has retired.  As a result, the criminal case was reassigned to the undersigned when the pending civil action was filed.

agreed to plead guilty to Count One of the Bill of Indictment in exchange for the Government's dismissal of Count Two. [Id., Doc. 10]. On December 27, 2007, the Petitioner appeared before Magistrate Judge Dennis Howell and plead guilty to Count One of the Bill of Indictment. Judge Howell engaged the Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id.,Doc. 22]. The Court accepted the Petitioner's plea finding that the plea was knowingly and voluntarily made and that the Petitioner understood the charges, potential penalties and consequences of the plea. [Id., at 17].

After the Court accepted the Petitioner's guilty plea, he filed a pro se request indicating that he was not satisfied with previous counsel appointed by the Court. The Court conducted a status of counsel inquiry, at which the Petitioner stated, under oath, that he was not guilty of the offense to which he had entered a plea of guilty. [Id., Doc. 17 at 7-9]. Out of an abundance of caution, the Court appointed the Petitioner new counsel [Id., Doc. 12].

On January 18, 2008, the Court conducted a status conference and inquired whether the Petitioner wished to withdraw his plea. [Id., Doc. 23]. The Petitioner's new counsel stated that he "need[ed] a little more – I need a little bit more information before I can file such a motion." [Id., at 4]. Judge Howell then sua sponte rescinded the Court's acceptance of the Petitioner's

guilty plea. [Id. at 5; Doc. No. 14]. The Government filed a notice of appeal in the District Court of Judge Howell's Order rescinding the Court's acceptance of the Petitioner's guilty plea. [Id., Doc. 15]. On March 11, 2008, the Court issued an Order vacating Magistrate Judge Howell's Order rescinding the Petitioner's guilty plea and reinstating Magistrate Judge Howell's December 27, 2007 Order accepting the Petitioner's plea. [Id., Doc. 26].

On March 25, 2008, the Petitioner's counsel filed a motion for review of the Rule 11 proceedings and a motion to withdraw the guilty plea. [Id., Doc. 27; Doc. 28]. The Court held a hearing on these motions on March 26, 2008 and issued a written Order on April 3, 2008, granting the Petitioner's motion for de novo review of his Rule 11 proceedings and denying the Petitioner's motion to withdraw his guilty plea. [Id., Doc. 30; Doc. 42].

Prior to the Petitioner's sentencing hearing, the Probation Office submitted a Presentence Report ["PSR"]. The Probation Officer calculated a base offense level of 20 for the bank robbery, and added to the base offense level a two-level increase because the property of a financial institution was taken; a four-level increase because a dangerous weapon was used; a four-level increase because serious bodily injury was sustained by the victim; a two-level increase because two victims were physically restrained and a

three-level reduction for acceptance of responsibility which yielded a total offense level of 32. [Id., Doc. 31]. The probation officer also determined that the Petitioner was a career offender based on his 1990 felony armed robbery conviction for which he served 18 years imprisonment and 1991 felony common law robbery and felony assault with a deadly weapon conviction for which he served 10 years imprisonment. [Id.].

On September 4, 2008, the Petitioner appeared with counsel for a sentencing hearing. At sentencing, the Court heard defense counsel's objections to the four-level increase for serious bodily injury and the two-level increase based on physical restraint. [Id., Doc. 44]. The Court granted in part and denied in part the objection based on serious bodily injury and concluded that a two-level increase rather than a four-level increase was appropriate. The Court overruled the Petitioner's objection regarding physical restraint. The Government moved to withdraw all three points for acceptance of responsibility based on the fact that the Petitioner had claimed in his prior motion that he was not guilty and attempted to withdraw his guilty plea. [Id.]. The Government argued that even if the Court was inclined to give the Petitioner two of the three points for acceptance of responsibility, the third point must be based upon a motion by the Government. The Court noted that the Government did not make a motion for the third point of acceptance of

responsibility but allowed the Petitioner two of the three points for acceptance

of responsibility, which rendered a total offense level 30. [Id.].  The Court

sentenced Petitioner to 210 months imprisonment. [Id., Doc. 35].

The Petitioner filed a Notice of Appeal in the Fourth Circuit Court of

Appeals.  [Id., Doc. 37].  On November 23, 2009, the Fourth Circuit issued an

unpublished opinion affirming the Petitioner's conviction and sentence. United

States v. O'Neil, 352 Fed. Appx. 859 (4th Cir. 2009).  The Court affirmed the

trial court's "opinion overturning the magistrate judge's sua sponte vacatur of

the guilty plea, its finding that the Rule 11 proceeding was proper, and its

denial of [the Petitioner's] motion to withdraw the plea."  Id.

On March 10, 2011, the Petitioner filed the instant Motion arguing that

his counsel was ineffective for "allow[ing] petitioner's guilty plea to stand even

though petitioner admitted to lying" and "allow[ing] petitioner's sentencing

range to be elevated on false information." [Doc. No. 1 at 4 - 5].

### STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings

for the United States District Courts, sentencing courts are directed to

promptly examine motions to vacate, along with "any attached exhibits and

the record of prior proceedings" in order to determine whether a petitioner is

entitled to any relief.  If the petitioner is not entitled to relief, the motion must

be dismissed. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

## DISCUSSION

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689.

To demonstrate prejudice, the Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982)). Under these circumstances, the Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297, cert. denied 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992) (citing Hutchins v. Garrison, 724 F.2d at 1430-31 (4th Cir. 1983), cert. denied 464 U.S. 1065, 104 S.Ct. 750, 79 L.Ed.2d 207 (1084)). If the

Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied 528 U.S. 855, 120 S.Ct. 139, 145 L.Ed.2d 118 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

There is a presumption that counsel was competent and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). The presumption of competency is not overcome by conclusory allegations Id. A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where defendant has pled, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct 366, 88 L.Ed.2d 203 (1985). Additionally, because one of the

Petitioner's claims challenges an issue at sentencing, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999), cert. denied 528 U.S. 1000, 120 S.Ct. 465, 145 L.Ed.2d 379 (1999).

The Petitioner first argues that his counsel was ineffective for "allow[ing] [his] guilty plea to stand even though [he] admitted to lying." (Doc. 1, at 4). The record of the criminal case does not support the Petitioner's claim. Indeed, once the Government appealed the Magistrate Judge's Order rescinding the acceptance of the Petitioner's guilty plea, the Petitioner's counsel filed a brief in opposition arguing that the Petitioner's repudiation of his guilt left the Court without a factual basis to accept the plea. [Criminal Case 1:07cr88, Doc. 25]. The Petitioner's counsel also moved the trial court to review the Rule 11 proceedings and to withdraw the Petitioner's guilty plea. [Id., Doc. 27; Doc. 28]. The Court held a hearing on the motions and ultimately granted the Petitioner's motion to review the Rule 11 proceedings but denied his motion to withdraw his guilty plea. [Id., Doc. 30]. The record establishes that counsel did all he could to have the Petitioner's plea withdrawn once the Petitioner repudiated his plea. On direct appeal, the Fourth Circuit affirmed the Court's "opinion overturning the magistrate judge's

8

sua sponte vacatur of the guilty plea, its finding that the Rule 11 proceeding was proper, and its denial of [the Petitioner's] motion to withdraw the plea." United States v. O'Neil, 352 Fed.Appx. 859 (4th Cir. 2009). The Petitioner has not established deficient performance or prejudice as is required under Strickland, and, therefore, this claim must fail.

Next, the Petitioner argues that his counsel was ineffective at sentencing for allowing the Petitioner's sentencing range to be elevated based on false information. The Petitioner first argues that his attorney was ineffective at sentencing by remaining silent when the Government "wrongly classified petitioner at a level 30 when in fact this Honorable Court was right all along in classifying petitioner at a level 29 . . . ." (Doc. 1-1, at 4].

A review of the sentencing transcript makes clear that the Court agreed with the Government that without a Government motion for the third point for acceptance of responsibility, the Court could not grant the Petitioner the full three-levels off his offense level but instead could only give him two levels off for acceptance of responsibility. [Criminal Case 1:07cr88, Doc. 44, at 11]. The Government did not confuse the Court, as the Petitioner alleges. Instead, the Court originally stated the adjusted offense level at 29, which included three-levels for acceptance of responsibility. The Court then granted the Government's objection noting that the third point of acceptance of

responsibility must be based on the Government's motion, which it did not make.  Therefore, the Court concluded that without the third point for acceptance of responsibility, the Petitioner's base offense level was 30, not 29.  (Id. at 11].

The Sentencing Guidelines Manual is clear that the third point of acceptance of responsibility may only be granted by formal motion of the Government at sentencing.  U.S.S.G. §3E1.1 comment. (n.6).  The sentencing transcript reveals that the Government did not make a motion and affirmatively objected to the grant of the third point without such a motion.  While the Petitioner's counsel did not object to the Court withdrawing one point for acceptance of responsibility, the law is clear that the Petitioner had no valid objection as the third point may only be given upon formal motion by the Government.  If the Petitioner's counsel had objected, his objection would have been overruled.  Therefore, the Petitioner has not established either prong of the Strickland test in connection with his claim that his counsel was ineffective by failing to object when the Government classified him at a level 30, and, therefore, his claim must fail.

The Petitioner also contends that his counsel was ineffective when he failed to object to the Petitioner's designation as a career offender even though his prior convictions were older than the 15 year limit.  [Doc. No. 1-1,

at 4].

Application Note 2 to § 4B1.2 of the Sentencing Guidelines states that the provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions for purposes of career offender status. Section 4A1.2(e) instructs that:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. *Also count any sentence* of imprisonment exceeding one year and one month, whenever imposed, *that resulted in the defendant being incarcerated during any part of such fifteen-year period*.

USSG § 4A1.2(e)(1) (emphasis added). The Petitioner was convicted in 1990 of armed robbery and sentenced to 18 years imprisonment. He was released from prison for that conviction on October 18, 1997. [Criminal Case No. 1:07cr88, Doc. 31]. Since Plaintiff was incarcerated on that charge within the fifteen year period prior to the commission of the present offense, such conviction falls within the fifteen-year period to be counted for the purpose of the enhancement. The Petitioner was also convicted in 1991 of common law robbery and felony assault and was sentenced to ten years imprisonment for which he was released from prison on July 23, 2001. [Id.]. Such conviction also falls with the fifteen-year period as the Petitioner was incarcerated for the conviction within the fifteen years of the instant bank robbery.

The Petitioner's prior convictions were correctly counted  and he has

failed to establish either prong of the <u>Strickland</u> test with respect to this claim, therefore, his ineffective assistance of counsel claim must fail.

Finally, the Petitioner contends that he is entitled to an evidentiary hearing in connection with the claims raised in the instant habeas motion. Rule 8 of the Rules Governing Section 2255 Proceedings provides that: "If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The Court has determined that pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Petitioner is not entitled to any relief on his claims. Therefore, because this Court has determined that the Petitioner's motion should be dismissed on initial review, he is not entitled to an evidentiary hearing.

**CONCLUSION**

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy §

2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

The Petitioner is hereby placed on notice that he may seek a certificate of appealability from the United States Fourth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22.

Signed: June 20, 2011

Martin Reidinger
United States District Judge